UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BLACK & VEATCH CONSTRUCTION, INC.,

       Plaintiff,

vs.

CORBEL COMMUNICATIONS INDUSTRIES LLC,

       Defendant.

Case No. 23-2061-JAR-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on the parties' Joint Motion for Amended Scheduling Order. (ECF 24.) The parties seek a 60-day extension of all remaining case management deadlines. A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish "good cause," the movant must show that the scheduling order deadlines "cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies,* 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)). The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

Here, the parties' motion does not show that they could not have met the existing deadlines if they had acted with diligence. The docket sheet reflects no discovery activity whatsoever following the scheduling conference on September 21, 2023. The motion states that the parties have served written discovery requests, but they "mutually agreed to hold in abeyance any responses to those requests in light of ongoing settlement discussions." (ECF 24, at 1.) Although

the court understands and appreciates that the parties are exploring the possibility of settlement, the court expects parties to engage in settlement discussions while still complying with other court-ordered deadlines. Moreover, the parties have had more than six months for discovery, which should have been adequate. Accordingly, the court finds that the parties have not shown good cause to extend the scheduling order deadlines and denies the parties' motion for that reason. However, the parties are free to conduct discovery by agreement of the parties beyond the discovery deadline.

That said, as a practical matter, the court cannot proceed with the pretrial conference on April 11 unless and until the parties are prepared to participate in that process, which it appears they are not ready to do. The court therefore vacates the deadline for the parties to submit a proposed pretrial order, the pretrial conference setting, and the deadline to file dispositive motions. The court directs the parties to file a joint status report by **May 13, 2024**. If they are prepared to proceed with the litigation at that point, the joint status report must propose when to reset the deadline for the parties to submit a proposed pretrial order, the pretrial conference, and the dispositive-motion deadline. The court cautions the parties that it will not grant serial extensions of these deadlines and settings, so, once set, those dates will be firm.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Amended Scheduling Order (ECF 24) is denied.

**IT IS FURTHER ORDERED** that the deadline for the parties to submit a proposed pretrial order, the pretrial conference setting, and the dispositive-motion deadline are vacated.

**IT IS FURTHER ORDERED** that the parties are to file a joint status report by **May 13, 2024**, as set forth above.

**IT IS SO ORDERED.**

Dated March 14, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
